# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS ANDERSON,<br>CDCR #P-97405<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>UNITED STATES DISTRICT COURT;<br>W. SAMUEL HAMRICK, JR.,<br><br>　　　　　　　　　　Defendants. | Civil No.　11cv1680 BTM (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*; [ECF No. 3];**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2) & § 1915A; and**<br><br>**(3) DENYING MOTION TO FILE SECOND AMENDED WRIT OF HABEAS CORPUS; MOTION TO REMAND AND MOTION FOR SUMMARY JUDGMENT [ECF Nos 6, 8, 10, 12]** |

　　　　Plaintiff, Lewis Anderson, currently incarcerated at Calipatria State Prison located in Calipatria, California and proceeding pro se, has filed an action entitled "Complaint for Negligence Based on Plaintiff's Unable to Determine Definitely which Persons are Responsible." In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") [ECF No. 3], a Motion for Court to Order a Copy of Plaintiff's Application to File a Second

1  Amended Writ of Habeas Corpus, two Motions to Remand, Consolidate and Redress Writs of
2  Habeas Corpus, and a Motion for Summary Judgment [ECF Nos. 6, 8, 10, 12]. Plaintiff seeks
3  damages against Defendant United States District Court ("USDC") and W. Samuel Hamrick in
4  the amount of $138,843,500.00. (Compl. at 3.)

## I.  Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 3] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.  Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)

### A.  Standard of Review

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

Plaintiff seeks to hold Defendants liable on the grounds that "someone within the jurisdictional governmental body of the court, or ... the Court Clerk" had "willfully or recklessly or negligently" transferred two of his previous cases to the Central District of California, Eastern Division.[1] (Compl. at 1, 3.) Plaintiff claims this "anonymous person" or the court clerk have made "attempts to deceive the Courts and keep the truth hidden." (Pl.'s Mot. for Court to Order Copy of Plaintiff's Application at 2.)

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, the Court finds Plaintiff's claims to be frivolous under § 1915A because they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 325, 328.

Accordingly, the Court dismisses this action as frivolous and denies all of Plaintiff's corresponding Motions as moot.

### III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 3] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty

---

[1] Those cases are: 1) a civil rights complaint filed pursuant to 42 U.S.C. § 1983, *Anderson v. City of Riverside, et al.*, S.D. Cal. Civil Case No. 11-1339 LAB (RBB), which was transferred to the Central District, Eastern Division, pursuant to 28 U.S.C. §§ 84(c)(1), 1391(b) and 1406(a) on June 17, 2011 for lack of proper venue because Plaintiff's claims arose in Riverside County [ECF No. 2], and 2) a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, *Anderson v. McEwen, et al.*, S. D. Cal. Civil Case No. 11-1341 MMA (POR), which was also transferred to the Central District because it challenged a Riverside County Superior Court conviction [ECF No. 3].

percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b). Moreover, because the Court finds amendment of Plaintiff's claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

5. Further, this Court **CERTIFIES** that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

6. Plaintiff's Motion for Application to File a Second Amended Writ of Habeas Corpus, Motions to Remand and Motion for Summary Judgment [ECF Nos. 6, 8, 10, 12] are **DENIED** as moot.

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: November 7, 2011

_____
**HON. BARRY TED MOSKOWITZ**
**United States District Judge**